IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC ANTONIO JOHNSON, §<br>#0625877, §<br>  PLAINTIFF, §<br>  §<br>V. §<br>  §<br>KEVIN BURKLED, ET AL., §<br>  DEFENDANTS. § | | CASE NO. 3:21-CV-1678-D-BK |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff Eric Antonio Johnson's motion to proceed *in forma pauperis*, but did not issue process. Doc. 7. Upon review of the relevant pleadings and applicable law, this case should be **STAYED** pending the resolution of the state-court criminal proceedings pending against Johnson.[1]

### I. BACKGROUND

This civil action arises out of Johnson's state prosecution for two offense of aggravated robbery and one offense of aggravated kidnapping in Case Nos. F1933493, F1933357, and F19333015, all pending before the Criminal District Court No. 3 of Dallas County, Texas. Doc. 11 at 2.[2] Johnson, a pretrial detainee at the Tarrant County Jail, is represented by court-

---

[1] This action was initially filed in the Fort Worth Division and later transferred to this Court on venue grounds. Doc. 14.

[2] The criminal case docket sheets are available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed Sep. 24, 2021).

appointed counsel in the Dallas County state criminal cases.  Johnson also has numerous aggravated robbery charges pending against him in Tarrant County, where he is presently detained.  Doc. 11 at 2.

In his *pro se* complaint, as supplemented by his *Answers to the Court's Questionnaire*, Johnson sues Kevin Burkled, a detective with the Irving Police Department, and J. Cofee, an officer with the City of Euless Police Department, for allegedly unlawful, warrantless searches and seizures of his property.  Doc. 1 at 3-4.  He contends the searches were without probable cause, occurred at two different Dallas locations in April 2019, and resulted in his arrest on April 5, 2019 at a Dallas motel.  Doc. 1 at 3-4; Doc. 11 at 11-13.  Johnson seeks compensatory damages for the value of the seized property, and also requests that disciplinary charges be filed against the officers.  Doc. 1 at 4; Doc. 11 at 14.

Upon review, the Court concludes that this action should be stayed pending the final resolution of Johnson's state criminal charges.

**II. ANALYSIS**

Normally, this Court would be without authority to act on claims that implicate the validity of a pending state criminal action.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (holding, *inter alia*, that held that a federal court cannot interfere with a pending state criminal proceeding absent extraordinary circumstances).  However, "the *Younger* abstention doctrine is not applicable to a claim for damages." *Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam) (citation omitted).  And as noted previously herein, Johnson seeks compensatory damages.

Regardless of whether *Younger* applies, however, "the proper course of action [in a case like the one at hand] is for a district court to stay the claims for damages pending the outcome of

the state proceedings, such that they can move forward without interference." *Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Lewis v. Beddingfield*, 20 F.3d 123, 125 (5th Cir. 1994) (per curiam). Because Johnson's unlawful arrest and search and seizure claims appear inextricably intertwined with his pending state criminal charges, this case should be stayed until prosecution of the Dallas County felony charges against Johnson is concluded. *See Busick v. City of Madison*, 90 F. App'x 713, 713-14 (5th Cir. 2004) (per curiam) (where impossible to determine whether civil claims necessarily implicate the validity of any conviction or sentence that the plaintiff might receive in ongoing criminal proceedings, the civil proceedings should be stayed pending resolution of the criminal charges).

### III.  CONCLUSION

For the foregoing reasons, this action should be **STAYED** and **ADMINISTRATIVELY CLOSED**, pending the final resolution of the state criminal charges in Dallas County Case Nos. F1933493, F1933357, and F19333015.  Johnson should also be ordered to file a motion to reopen this case within 60 days after entry of judgment or an order of dismissal in his state criminal court cases, and advised that failure to do so will result in dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or comply with a Court order.

**SO RECOMMENDED** on October 5, 2021.

*[Signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).